IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEUTSCHE BANK NATIONAL TRUST
COMPANY,

      Plaintiff,                              No. 2:11-cv-3306 LKK GGH PS

    vs.

ERIC DFORTUNATTO DREW, et al.,        FINDINGS AND RECOMMENDATIONS

      Defendants.

_____/

        This action was referred to the undersigned pursuant to E.D. Cal. L.R. 302(c)(21). It was removed from state court on December 13, 2011, and has remained inactive since. Nevertheless, a district court has "a duty to establish subject matter jurisdiction over [a] removed action *sua sponte*, whether the parties raised the issue or not." United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 966 (9th Cir. 2004); see also Kelton Arms Condominium Assoc., Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003). Having reviewed the notice of removal, the court finds that the action should be remanded to state court due to lack of subject matter jurisdiction.

        Removal jurisdiction statutes are strictly construed against removal. See Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979). "Federal jurisdiction must be

1

rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, 980 F.2d 564, 566 (9th Cir. 1992). "The burden of establishing federal jurisdiction falls on the party invoking removal." Harris v. Provident Life and Accident Ins. Co., 26 F.3d 930 (9th Cir. 1994), overruled on other grounds by Leeson v. Transamerica Disability Income Plan, 671 F.3d 969, 979 (9th Cir. 2012).

A plaintiff may bring suit in federal court if his claim "arises under" federal law. 28 U.S.C. § 1331.[1] In that situation, the court has original jurisdiction. A state court defendant cannot invoke the federal court's original jurisdiction. But he may in some instances invoke the court's removal jurisdiction. The requirements to invoke removal jurisdiction are often identical to those for invoking its original jurisdiction. The requirements for both relate to the same end, that is, federal jurisdiction.

Removal of a state court action is proper only if it originally could have been filed in federal court. 28 U.S.C. § 1441. "[F]ederal courts have jurisdiction to hear, originally or by removal, only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action, or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S. 1, 27-28, 103 S. Ct. 2841, 2855-56 (1983). Mere reference to federal law is insufficient to permit removal. See Smith v. Industrial Valley Title Ins. Co., 957 F.2d 90, 93 (3d Cir. 1992). Also, defenses and counterclaims cannot provide a sufficient basis to remove an action to federal court. See Berg v. Leason, 32 F.3d 422, 426 (9th Cir. 1994); FIA Card Servs. v. McComas, 2010 WL 4974113 (S.D. Cal. Dec. 2, 2010) (remanding action removed by defendant on the basis that defendant's counterclaim raised a federal question).

Here, the exhibits attached to the removal petition establish that the state court action is nothing more than a simple unlawful detainer action, and is titled as such. (See Dkt.

---

[1] Defendant, or whoever removed this action, does not base the removal on diversity jurisdiction.

1  No. 2, at pp. 13-15.)  This court has no jurisdiction over unlawful detainer actions which are
2  strictly within the province of the state court.  The removal petition asserts a claim under a
3  federal statute, the Protecting Tenants at Foreclosure Act, apparently challenging the foreclosure
4  proceedings related to the subject property.  However, as discussed above, this claim cannot
5  provide a sufficient basis to remove the action to federal court.  Based on the aforementioned
6  analysis, the court finds that remand is appropriate, because there is no subject matter
7  jurisdiction.
8         Furthermore, this action was removed by Melanie Howard, who claims to be a
9  defendant and an interested party in the state court action, but is not named as a defendant in that
10 case and therefore has no standing to remove the action.
11         For the foregoing reasons, IT IS HEREBY RECOMMENDED that:
12         1.  The action be remanded to the Superior Court of California, County of San
13 Joaquin, Stockton Branch;
14         2.  The Clerk be directed to serve a certified copy of this order on the Clerk of the
15 Superior Court of California, County of San Joaquin, Stockton Branch, and reference the state
16 case number (39-2011-00267245-CL-UD-STK) in the proof of service; and
17         3.  The Clerk be directed to close this case.
18         These findings and recommendations are submitted to the United States District
19 Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within
20 fourteen (14) days after being served with these findings and recommendations, any party may
21 file written objections with the court and serve a copy on all parties.  Such a document should be
22 captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the
23 objections shall be served and filed within seven (7) days after service of the objections.  The
24 \\\\\
25 \\\\\
26 \\\\\

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 22, 2012

<u>/s/ Gregory G. Hollows</u><br>
UNITED STATES MAGISTRATE JUDGE

GGH/076/Deutsche3306.rem.wpd